JAHRMATTER v. KLINE.

INJURY TO INFANT EMPLOYÉ — LIABILITY OF MASTER — INSTRUCTIONS TO JURY.

    Where, in an action by an infant against his employer for personal injuries, the declaration alleged that plaintiff was possessed of ordinary intelligence, and no claim to the contrary was made on the trial, it was not error for the court to accept it as the fact in his instructions to the jury as to the measure of defendant's duty.

Error to Alpena; Emerick, J. Submitted December 10, 1901. Decided December 21, 1901.

Case by Max Jahrmatter, by next friend, against Lewis T. Kline, for personal injuries. From a judgment for defendant, plaintiff brings error. Affirmed.

*R. J. Kelley,* for appellant.

*I. S. Canfield,* for appellee.

GRANT, J. Defendant owns and operates a foundry, machine shop, and woodworking shop, in which he uses lathes, planers, circular saws, etc. Plaintiff, a lad a little under 17 years of age, applied to defendant for employment. He was placed at work to take away the square pieces and the edgings as they came from a circular saw. He had been at work about three hours when an employé named Duncan, who was operating the saw, went into an adjoining room. Plaintiff, after carrying away the edgings, attempted to oil the machinery; and, in reaching over the saw, his arm came in contact with it and was cut off. The sole ground of negligence urged is the failure to properly instruct him in the dangers incident to the work. The declaration alleged that he was a youth of ordinary intelligence. He denied having been given any instructions. In this he is contradicted by the defendant, and by the witness Duncan. The latter testified to giving him specific instructions, and cautioning him against the dangers. The case was submitted to the jury in a very full and specific charge as to the duty of the defendant to give plaintiff instructions and warning of danger. The court said to the jury that general instructions were not sufficient, but that specific instructions should have been given, sufficient to inform a youth of his age and experience, and possessed of ordinary intelligence, of the dangers incident to the work. The jury rendered a verdict for the defendant.

Error is assigned upon the rulings of the court in admitting and rejecting testimony, and also upon the charge. The precise complaint made of the charge is that it fixed too high a standard of intelligence and prudence required

of the plaintiff. The court recognized the standard by which the conduct of this plaintiff was measured to be the same as that set up in the declaration, viz., that of ordinary intelligence. There was no claim that plaintiff was not possessed of ordinary intelligence. The instruction was, therefore, correct.

We find no error upon the record, and the judgment is affirmed.

MONTGOMERY, C. J., HOOKER and MOORE, JJ., concurred. LONG, J., did not sit.